450 So.2d 654 (1984)
Thomas W. PIQUE
v.
Charles J. SAIA, Sr. and Charles J. Saia, Jr.
No. 83-C-1475.
Supreme Court of Louisiana.
May 14, 1984.
Rehearing Denied June 14, 1984.
*655 Paul H. Due, David Robinson, Due, Dodson, deGravelles, Robinson & Caskey, Baton Rouge, for plaintiff-applicant.
Charles A. O'Brien, Franklin, Moore & Walsh, William H. Cooper, Jr., Cooper, Thompson, Pierson, William T. Lowrey, Jr., Baton Rouge, for defendants-respondents.
DENNIS, Justice.
The question of law presented by this case is whether a homeowner's liability insurance policy clause excluding coverage for "bodily injury ... which is either expected or intended from the standpoint of the Insured," bars recovery for negligent injuries. The court of appeal set aside a judgment for the plaintiff, holding that recovery was barred by the exclusion. We reverse and reinstate the trial court judgment. Construing the ambiguous policy provision reasonably in favor of the insured, it excludes coverage only for intentional injuries. The trial court found that the injury at issue in this case resulted from the insured's negligent act, rather than an intentional act, and the evidence of record warrants this determination.
The plaintiff, Thomas W. Pique, a police officer, and a fellow officer approached the insured, Charles Saia, Jr., outside his father's house to arrest him for a traffic offense. Saia resisted. As he struggled with the officers, Saia pushed himself away from a fence. This caused the three men to sprawl upon a concrete driveway. In the fall, Pique received an elbow injury which ultimately required surgery.
Pique filed suit against Charles Saia, Jr., his father, and First of Georgia Insurance Company, his father's homeowner insurer. The trial court found that Saia negligently caused Pique's injuries. The court expressly determined that the injuries did not result from an intentional act. Therefore, the trial court concluded, Pique's recovery from the insurer was not barred by the policy provision excluding "bodily injury... which is either expected or intended from the standpoint of the Insured." Based on these findings, the court rendered judgment against Saia and the company in the amount of $9,936.47 plus legal interest.
First of Georgia appealed. The court of appeal reversed, holding that the policy exclusion is applicable and that there is no coverage afforded under the policy. The reasons assigned by the appeals court were that "it was manifestly erroneous to hold that Saia's actions were not intended or expected to cause injury." 432 So.2d 896, 898 n. 1; and that Saia's "actions were of such a nature that injury must necessarily be expected therefrom." Id. p. 899.
It is not clear whether the court of appeal found fault with the trial court's interpretation of the exclusionary policy clause or with its finding that plaintiff's injury did not result from an intentional act, or both. In either case, the appeals court incorrectly reversed the trial court judgment.
The policy provision excluding coverage for bodily injury expected or intended by the insured is ambiguous. An expected injury may be one which is highly likely, probable or substantially certain to happen. Accordingly, the exclusion could be interpreted to bar recovery for either intentional and negligent injuries or only an intentional injury. In accordance with the settled principle that ambiguity in an instrument is resolved against the draftsman, we construe the policy language to exclude coverage only for intentional injuries. La.C.C. arts. 1957, 1958; Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981); Benton Casing Service, Inc. v. Avemco, Ins., 379 So.2d 225 (La.1979); Credeur v. Luke, 368 So.2d 1030 (La.1979).
An injury is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); W. Prosser, Law of Torts § 8 (4th ed. 1971); Restatement (Second) of Torts, American Law Institute § 8A (1965). *656 Cf. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.1982); Eitmann v. West, 411 So.2d 1127 (La.App. 4th Cir.1982).
Applying these precepts to the evidence in this case, we conclude that the trial court's finding that plaintiff's injury resulted from a non-intentional and negligent act by Saia was not manifestly erroneous. Saia's resistance to arrest was legally unjustified, as the court of appeal observes. Nevertheless, we cannot say that the trial judge, who saw and heard the witnesses, was unreasonable in finding that, by his act of pushing away from the fence, Saia intended no harm to the officers. As in most cases, there was only circumstantial evidence of intent. The trial court reasonably could have inferred from this evidence that Saia merely intended to guard against a collision with the fence and did not desire or know to a substantial certainty that his particular act of pushing away from the fence would result in injury to the plaintiff. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. Prosser, supra § 8.
Accordingly, the court of appeal judgment is reversed and the trial court judgment is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
WATSON, J., concurs and assigns reasons.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
WATSON, Justice, concurring.
While Saia acted intentionally when he pushed himself away from the fence during his struggle with the officers, the result of that act, i.e., the injury to Officer Pique, was not intended. Bourque v. Duplechain, 331 So.2d 40 (La.App. 3 Cir.1976), writ not considered 334 So.2d 230, writ denied 334 So.2d 210; Rambin v. Wood, 355 So.2d 561 (La.App. 3 Cir.1978); and Sherwood v. Sepulvado, 362 So.2d 1161 (La.App. 2 Cir.1978). Although Saia's act was intentional, the injury to Pique was not, and the insurance policy's exclusion does not apply.
I respectfully concur.
MARCUS, Justice (dissenting).
The facts reflect that there was a fight between Officers Rhodes and Pique and Charles Saia, Jr. During the confrontation, Saia swung at, kicked and wrestled with the officers in an attempt to prevent his arrest. The incident at the fence was merely a small part of the larger struggle. Viewing the totality of the events, I consider that Saia either expected or intended bodily injury to result from his conduct, thereby barring coverage under the homeowner's liability insurance policy. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
I respectfully dissent.
The policy provision in question here contained the following exclusion from liability:
This policy does not apply:
* * * * * *
(f) to bodily injury or property damage which is either expected or intended from the standpoint of the insured.
I agree with the majority opinion insofar as it interprets this provision as referring to an intentional act, that is, one where the actor either consciously desires the physical result of the act or knows that the result is substantially certain to follow from his conduct. I do not agree that the defendant's actions in this case do not meet that definition.
The trial courts' findings of fact were to the effect that when Officer Pique attempted to place Saia, Jr. under arrest, the defendant swung at him and thereafter engaged in a wrestling match with Pique and another officer. According to the policemen who testified, Saia strongly resisted *657 arrest by kicking, and flailing his arms about. Saia was being held from behind by one officer and from the front by Pique who was attempting to handcuff him when he managed to get one hand free and push against the fence, causing the trio to fall. I can only conclude that any adult who engages two others in this type of physical altercation, particularly when the two are police officers attempting to make an arrest, either actively desires or knows to a substantial certainty that his actions will cause harm.