ALFORD, Judge.
This is an appeal of a judgment against Lawrence Fleming, plaintiff, and in favor of Aetna Casualty and Surety Company (Aetna), defendant. Fleming was shot by Laura Williams in her home and brought suit directly against her homeowners insurer, Aetna. Aetna denied coverage based on a policy exclusion which provided that there would be no coverage for “bodily injury ... which is either expected or intended from the standpoint of the insured.” The trial court found that Ms. Williams intentionally inflicted the plaintiff’s injury and, accordingly, there was no coverage. We agree.
In Pique v. Saia, 450 So.2d 654 (La.1984), the Louisiana Supreme Court construed a policy clause identical to the one in this case, finding that it excluded coverage only for intentional injuries. The court went on to say that:
An injury is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); W. Prosser, Law of Torts § 8 (4th ed. 1971); Restatement (Second) of Torts, American Law Institute § 8A (1965).
Cf. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.1982); Eitmann v. West, 411 So.2d 1127 (La.App. 4th Cir.1982).
Pique, supra at 655.
The evidence adduced at trial indicates that plaintiff sometimes resided with Ms. Williams. On the night of the incident, plaintiff and Ms. Williams were involved in a quarrel. Ms. Williams’ 15-year-old son tried to assist his mother and had a knife in his hand. Plaintiff was struggling with the son when Ms. Williams fired two shots from a .22 caliber revolver, both of which hit plaintiff.
Although there was testimony by Ms. Williams that she did not mean to injure *616 plaintiff, Ms. Williams did admit on cross examination that she was aiming in plaintiff’s general direction when she shot him. The record indicates that Ms. Williams was approximately six to ten feet from plaintiff and was trying to protect her minor son at the time of the shooting.
Having heard the testimony of the various witnesses, the trial court made a credibility determination and concluded that the injury was intentionally inflicted. The trier of fact, actually hearing and observing the witnesses give live testimony, is in a better position to evaluate credibility than a reviewing court on the intermediate level, which at best can only study the written words of a cold record. Kikendall v. American Progressive Ins. Co., 457 So.2d 53 (La.App. 1st Cir.1984). After a careful review and evaluation of the record, we are convinced that the trial court was not clearly wrong in its factual determination that Ms. Williams intentionally injured plaintiff. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed against plaintiff-appellant.
AFFIRMED.