535 So.2d 558 (1988)
Sally Maddox CHELETTE, Plaintiff-Appellee,
v.
WAL-MART STORES, INC., et al, Defendants-Appellants.
No. 87-1059.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Writ Denied February 17, 1989.
*559 Phillip J. Terrell, Jr., Pineville, for defendants-appellants.
Stafford, Stewart & Potter, Paul Boudreaux, Jr., Alexandria, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
STOKER, Judge.
This is a suit for false imprisonment. Plaintiff filed suit against Wal-Mart and its security officer, Guy Ritchie Clayton, Jr., for damages caused by her detention for suspicion of shoplifting without reasonable cause. The trial court denied Wal-Mart's motion for summary judgment, and after a trial on the merits held Wal-Mart liable to plaintiff for $1,500 plus interest and costs to compensate plaintiff for her embarrassment and humiliation. Wal-Mart appeals this judgment and assigns as errors the following:

ASSIGNMENT OF ERRORS
1. The trial court erred by failing to grant Wal-Mart's motion for summary judgment when there was no material fact in dispute and the record did not contain any evidence to support the elements of false arrest.
2. The trial court erred by failing to grant the motion for summary judgment filed on behalf of Wal-Mart when there was no material fact to dispute that an accord and satisfaction had been reached between Mrs. Chelette and Wal-Mart.
3. The trial court erred by holding Wal-Mart liable for damages when the Wal-Mart security guard made a good faith stop of plaintiff, a suspected shoplifter, pursuant to probable cause, without malice, in a businesslike manner, with plaintiff being detained for less than one hour.
4. The trial court erred by awarding excessive damages to plaintiff.

FACTS
On checking out at Wal-Mart, in Pineville, Louisiana, in April 1986, plaintiff and her cashier both overlooked a $2.68 bag of charcoal in the bottom part of the shopping cart. The bottom part of the cart was hidden from view by a large box of Huggies diapers, two small children and other items in the main part of the cart. Plaintiff's other purchases totaled $45.70. Upon leaving through the store vestibule with her cart, a store security officer, Clayton, stopped plaintiff, informed her that she had not paid for the charcoal in the bottom of her cart and asked her to accompany him to the manager's office in the back of the store to discuss the matter. Clayton had watched plaintiff check out and had seen the cashier and plaintiff overlook the charcoal without saying anything.
While in the back of the store, Clayton looked at plaintiff's driver's license, consulted the store manager and then had plaintiff sign a release of any causes of action she might have against Wal-Mart in return for which Wal-Mart agreed not to sue plaintiff for civil conversion. The release was explained to plaintiff before she signed it. Clayton photographed the shopping cart. Plaintiff was then allowed to pay for the charcoal and was escorted from *560 the store. Plaintiff was detained a total of fifteen minutes.

SUMMARY JUDGMENT
In assignments of error numbers 1 and 2, Wal-Mart contends that its motion for summary judgment should have been granted. LSA-C.Cr.P. art. 215(A)(1) provides, as to detention of persons suspected of shoplifting:
"Art. 215. Detention and arrest of shoplifters
"A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time, not to exceed sixty minutes, unless it is reasonable under the circumstances that the person be detained longer, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also detain such a person for arrest by a peace officer. The detention shall not constitute an arrest."
Thus, in order to detain a person for shoplifting, there must be reasonable cause to believe that person has committed a theft of goods. LSA-R.S. 14:67, paragraph 1 defines theft as follows:
"§ 67. Theft
"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."
Therefore, defendants must show that there was reasonable cause to believe that plaintiff intended to commit a theft of its goods in order to justify the detention of plaintiff on suspicion of shoplifting. See Clark v. I.H. Rubenstein, Inc., 326 So.2d 497 (La.1976). Intent is an issue of material fact which is inappropriate for summary judgment. Ortego v. Ortego, 425 So.2d 1292 (La.App. 3d Cir.1982), writ denied, 429 So.2d 147 (La.1983).

MERITS OF THE CASE
The facts in this case do not support the conclusion that defendants had reasonable cause to detain plaintiff for suspicion of shoplifting. In the trial court's written reasons for judgment, it stated the following reasons:
"This case ultimately comes down to a determination of the intention of the parties, [sic] the Court has no difficulty in concluding from the facts in evidence that it was not the intention of the plaintiff to steal the bag of charcoal. Mr. Clayton's statement that when the cashier leaned over to look at the items in the buggy Mrs. Chelette pushed the package of pampers or moved it in some fashion is the only action on the part of the plaintiff which Wal-Mart can point to as indicating some intention on Mrs. Chelette's part to steal the merchandise. The Court cannot believe from the facts proven that it was the intention of Mrs. Chelette to steal the merchandise. The supposed action of moving the bag of pampers when the cashier looked in the buggy was not pursued by the defendant, the evidence of the cashier was not taken nor is there any interpretation on her part of any actions of Mrs. Chelette which could have evidenced an intention on Mrs. Chelette's part to get out of the store without paying for the $2.68 item.
"We have here a young mother with her two year old and a three year old niece in the buggy, `both the kids were you know, bothering me and stuff wanting food and icees and....'. Page 12 deposition of Mrs. Chelette.
"Taking all the facts in consideration the Court cannot conclude that there is a `reasonable' belief on Wal-Mart employees part that the plaintiff was intending to steal or conceal this item which actually was only a small percentage of the total costs of the items purchased and paid for by Mrs. Chelette, the judgment is rendered herein for the plaintiff. Since Mr. Clayton did not have `reasonable' *561 cause to believe that the plaintiff had committed theft of goods and that the intention of the plaintiff was illegal, she is entitled to recover damages for this wrongful action on the part of Wal-Mart's employee."
On the basis of the facts, the trial correctly decided that the Wal-Mart employees did not have a reasonable belief that the plaintiff had committed a theft of goods. We emphasize, however, that the test of liability rests upon reasonable belief as to intent and not actual intent. The question to be determined is what may a store employee reasonably believe was the customer's intent. It is not a question of what the trier of fact ultimately concludes was the intent of the customer. If this were not so, Article 215(A)(1) of the Code of Criminal Procedure would have little meaning and merchants would avail themselves of the privilege afforded by the statute only at great risk and peril.
In the case before us there are no facts justifying a belief (a reasonable belief) on the part of security officer Clayton that plaintiff intended to commit a theft of the bag of charcoal. There was no effort to conceal the bag of charcoal. Mr. Clayton must have noted that plaintiff exhibited to the cashier a number of purchase items of substantial value. It was not reasonable for Mr. Clayton to assume under these circumstances that plaintiff was attempting to avoid payment for a mere bag of charcoal. It strikes us that what Mr. Clayton observed justified two courses of action. He might have courteously asked Mrs. Chelette if she paid for the charcoal, or he might have spoken to the cashier and asked her if the charcoal had been rung up along with the other items.
Defendants contend that Clayton did not use force to detain plaintiff. However, Clayton testified that had plaintiff not agreed to accompany him to the back of the store he would have used reasonable force to detain her, as he was authorized to do.
Defendants also contend that an accord and satisfaction took place when plaintiff signed the Wal-Mart release form. Plaintiff argues that, under LSA-C.C.P. art. 1005 a transaction or compromise is an affirmative defense which must be specifically pleaded and that defendants failed to raise it in their pleadings. However, the release agreement was accepted into evidence without objection by plaintiff, thus effectively enlarging the pleadings to include this defense. Therefore, the issue is properly before this court. See Johnson v. Acadiana Medical Center, Inc., 524 So.2d 811 (La.App. 3d Cir.1988). Plaintiff stated that she did not believe she was free to leave until she signed the release. Clayton testified that he would have used reasonable force to detain plaintiff if necessary. We believe that plaintiff was effectively forced to sign the release. Plaintiff's consent to the release was thus vitiated by duress. LSA-C.C. art. 1948. In view of this holding, we express no opinion as to the validity of the release as a contract, particularly as to whether there was consideration for the contract.
For the reasons given above we affirm the trial court's finding of liability.

DAMAGES
In their third and fourth assignments of error defendants contend the trial court erred in holding defendants liable to plaintiff for damages and, in the alternative, contend that the trial court awarded excessive damages.
We have already concluded that defendants did not have reasonable cause to believe that plaintiff had committed a theft of goods held for sale by it. Therefore, plaintiff is entitled to compensation for the embarrassment and humiliation caused her by the incident. See Clark v. I.H. Rubenstein, Inc., supra.
The trial court found that plaintiff suffered embarrassment and humiliation as a result of the incident. Plaintiff testified that she was unable to shop at any store for two weeks and is still unable to enter a Wal-Mart. Plaintiff suffered severe headaches, for which she took Tylenol, for at least two weeks after the incident. We note that plaintiff was courteously treated *562 by defendants during her detention. Although the award may be higher than awards in reported cases, we find no abuse of the trial court's much discretion in assessing damages. See LSA-C.C. art. 2324.1.

CONCLUSION
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. Costs of appeal are assessed to defendants.
AFFIRMED.