544 So.2d 10 (1989)
John E. SPELLMAN
v.
PEOPLES BANK AND TRUST COMPANY OF ST. BERNARD.
No. 88-CA-1313.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
John H. Wells, Wells & Breaux, New Orleans, for defendant-appellee.
John Spellman, Angie, in pro. per.
Before GARRISON, CIACCIO and ARMSTRONG, JJ.
GARRISON, Judge.
The case at hand is a civil action arising from the introduction of certain evidence in a factually related criminal action.
On December 4, 1986 John Spellman, plaintiff-appellant, was convicted of a violation of La.R.S. 14:72, which involved an attempt to defraud the appellee by cashing a forged check. Pursuant to a subpoena duces tecum in that action, appellee was obliged to produce the appellants banking records. Mr. Spellman subsequently filed this pro se suit alleging that his civil rights were violated and he suffered damages as a result of these records being introduced in court. Defendant-appellee, Peoples Bank and Trust Company of St. Bernard, filed and was granted a motion for summary judgment dismissing the claim. Plaintiff has appealed, arguing that the trial court erred in dismissing his claim without an evidentiary hearing on the merits, that he should have been subpoenaed in order to represent his claim, and, finally, summary judgment was incorrect at that time as discovery was incomplete.
We believe that the trial court was correct in its judgment. Appellant contends that the trial court should have subpoenaed him in order that he could "represent his claim." The appellant was correctly served on February 9, 1988 as evidenced by the sheriff's return. He made no attempt to notify the trial court that he would be unable to attend the hearing for the aforementioned motion. Neither the defendant nor the trial court is under any obligation to subpoena a plaintiff in an action to appear at a hearing on a motion for summary judgment. The appellant's claim of error is without merit.
Appellant argues that the trial court erred in granting summary judgment as discovery had not been completed, in particular, answers to interrogatories. The appellant, however, failed to specify how further discovery would have aided his cause. The trial court was not in error by hearing *11 this motion. It is within the trial judge's discretion to issue summary judgment before the completion of discovery subject to the sole requirement that the parties are to be given an opportunity to present their claim. LSA-C.C.P. art. 967; Simoneaux v. E.I. du Pont de Nemours & Co., Inc., 483 So.2d 908 (La.1986). In Waddell v. Bickham, 431 So.2d 59 (La.App. 1 Cir.1983) the First Circuit held that the trial court did not err in granting a motion for summary judgment even though interrogatories were not answered.
In the instant case, the appellant received adequate notice of this hearing and had filed a brief in opposition to the summary judgment. No effort was made by him to notify the trial court of his inability to attend the hearing or to obtain a continuance. Nor does he state what further discovery could or would have revealed or how it would aid his cause. Therefore, error on the part of the trial court cannot be found.
Finally, the appellant asserts that the trial court erred in dismissing plaintiff-appellant's claim "without allowing an evidentiary hearing on the merits of plaintiff's claim." Basically, the appellant's argument in support of this position is a reiteration of his claim as set forth in the petition for damages and his memorandum in opposition to summary judgment. In order for summary judgment to be granted there must be no issue of material fact. To determine whether a genuine issue of material fact exists for purposes of summary judgment, the trial court must necessarily examine the merits of the case. Jones v. City of Kenner, 442 So.2d 1242 (La.App. 5 Cir.1983). The trial court in this case did in fact have a hearing on the motion for summary judgment which involved a review on the merits of the cause.
The record clearly supports summary judgment in that it resolves all issues of material fact. The burden thus shifted to the appellant to set forth specific facts showing a genuine issue for trial. LSA-C. CP. 967. Appellant has not met this burden.
Therefore, we affirm the trial court's judgment.
AFFIRMED.