597 So.2d 1255 (1992)
Steven E. CAVIN, Plaintiff-Appellant,
v.
Robert ELLIOT and Allstate Insurance Company, Defendant-Appellee.
No. 90-956.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Glusman, Moore, Arbour, Broyles & Glusman, Tina V. Grant, Baton Rouge, for plaintiff/appellant.
Tynes, Fraser, Roach & Morris, David Fraser, Lake Charles, for defendant/appelleeAllstate.
John Derosier, Raggio, Cappel, Chozen & Berniard, Stephen Berniard, Lake Charles, for defendant/appelleeElliot.
Before DOUCET and KNOLL, JJ., and COREIL[*], J. Pro Tem.
JOSEPH E. COREIL, Judge Pro Tem.
Appellant, Steven E. Cavin, seeks reversal of the summary judgment granted in favor of Allstate Insurance Company. We affirm.
Steven E. Cavin filed suit against Robert Elliot and Allstate Insurance Company for damages suffered by him on September 9, 1987, when Elliot shot him in the shoulder. Allstate provided liability insurance for Elliot under the terms of a general comprehensive liability insurance policy.
Allstate filed a motion for summary judgment based on the language of the policy which it contends excludes coverage of the incident sued upon. This motion was supported with a certified copy of the policy, the deposition of Steven Cavin, and a record of the criminal court proceeding whereby Elliot entered a guilty plea to the charge of aggravated battery.
The language of the policy upon which Allstate relies reads as follows:
"Losses we do not cover:

*1256 1. We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person."
Both Cavin and Elliot opposed the motion for summary judgment filed by Allstate. Elliot filed an affidavit stating that although he did in fact discharge the firearm in the direction of the plaintiff, it was not his intention to shoot him. Instead, Elliot claims, he intended to fire over the plaintiff's shoulder in order to frighten him. Cavin agrees in brief that the "intent" of Elliot is a genuine issue of material fact.
The trial judge granted summary judgment in favor of Allstate. Elliot did not appeal from the trial court's decision. Cavin has perfected this appeal, contending that summary judgment is not appropriate in this case because the intent of Elliot in shooting him is a question of material fact, and summary judgment is an inappropriate procedure to dispose of such an issue.

FACTS
On September 9, 1987, Robert Elliot shot Steven Cavin with a .22 caliber pistol in a well-lighted room from close range. This shooting occurred after Elliot entered the home of his estranged wife and found her in bed with Cavin. Elliot held Cavin at gunpoint for about twenty minutes, during which time he pointed the pistol from Cavin's forehead to his groin and finally shot him in the right shoulder from a distance of three to five feet. After the shooting, Elliot continued to hold Cavin at gunpoint and continued to threaten him.
A charge of attempted second degree murder was filed against Elliot. Pursuant to negotiations between the attorneys for Elliot and the Calcasieu Parish District Attorney's Office, the charge was reduced to aggravated battery, to which he pleaded guilty.

DISCUSSION
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2 Cir.1991); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (La. 1963). The motion should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact, and any doubt as to the existence of such an issue must be resolved against granting the motion. Industrial Sand and Abrasives, Inc. v. Louisville & Nashville Railroad Co., 427 So.2d 1152 (La.1983).
Cavin's contention that a motion for summary judgment is not suitable for disposition of cases that require a judicial determination of subjective facts such as motive, intent, good faith, or knowledge is supported by Penalber v. Blount, 550 So.2d 577 (La.1989); Chelette v. Wal-Mart Stores, Inc., 535 So.2d 558 (La.App. 3 Cir. 1988), writ denied, 537 So.2d 1170 (La. 1989); Ortego v. Ortego, 425 So.2d 1292 (La.App. 3 Cir.1982), writ denied, 429 So.2d 147 (La.1983). However, Cavin's reliance on these decisions is misplaced. The circumstances in this case are unlike those presented in Chelette, Ortego, and Penalber. Those cases do not discuss or involve the question of whether a shooting and resulting injury, under these circumstances, is an intentional act. Furthermore, this case calls into question the legal effects of the actions of Elliot in shooting Cavin under the terms of the exclusionary clause of the general comprehensive liability policy issued by Allstate.
Exclusionary clauses in insurance contracts which exclude coverage for injuries caused by the intentional act of the insured are intended to prevent extension to the insured of a license to commit whatever wanton and malicious acts he wishes, yet still fall under the coverage of his insurance policy. Sabri v. State Farm Fire & Casualty Co., 488 So.2d 362 (La.App. 3 *1257 Cir.1986), writ not considered, 493 So.2d 630 (La.1986). Sabri is one of the few cases holding a shooting not to be an intentional act. This case involved a father who shot his daughter as she entered the family home. The court found that the father did intend to fire the gun, but he did not intend to injure his daughter. It was dark, and the father mistook her unexpected entry into the home as that of a burglar.
This Court has interpreted the policy exception here at issue and exceptions worded similarly to mean that liability is not precluded for an expected or intended "act" but rather for an expected or intended "injury." Therefore, when the act is intentional and the injury resulting is intended, the exclusionary clause is applicable. See Rambin v. Wood, 355 So.2d 561 (La.App. 3 Cir.1978), and Sabri v. State Farm Fire & Casualty Co., supra.
In Pique v. Saia, 450 So.2d 654, 655 (La.1984), the Louisiana Supreme Court interpreted an exclusionary clause similar to this one, holding:
"An injury is intentional, i.e. the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result."
In Prosser, Law of Torts § 8 (4th Ed. 1971), what constitutes an intentional act causing an intentional injury is explained as follows:
"An anarchist who throws a bomb into the royal carriage may actually wish to kill no one but the king; but since he knows that the death of others in the carriage is a necessary and almost inevitable incident to that end, and nevertheless goes ahead with that deed it must be said that he intends to kill them. The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it."
Louisiana courts have consistently held that the aggressive act of pulling a loaded gun and firing it at a third party, in and of itself, supports the conclusion that the defendant/insured intended the resulting injuries because such consequences are almost certain to occur as a result of such actions. See Monk v. Veillon, 312 So.2d 377 (La.App. 3 Cir.1975); Tobin v. Williams, 396 So.2d 562 (La.App. 3 Cir. 1981); Vascocu v. Singletary, 434 So.2d 597 (La.App. 3 Cir.1983); Barton v. Allstate Insurance Co., 527 So.2d 524 (La. App. 3 Cir.1988), writ denied, 532 So.2d 157 (La.1988); Brasseaux v. Girouard, 269 So.2d 590 (La.App. 3 Cir.1972), writ denied, 271 So.2d 262 (La.1973); Freeman v. Bell, 366 So.2d 197 (La.App. 2 Cir.1978), writ denied, 369 So.2d 151 (La.1979).
Here we can say the "injury" to Cavin was intended. The material facts in this case concerning the shooting are not in dispute. In his deposition, Cavin states that Elliot aimed a loaded gun at him at close range, pulled the trigger, and the bullet fired and struck him in the right shoulder. The affidavit filed by Elliot does not dispute any of these facts, and he admits he shot the gun in the direction of the plaintiff. The injury which resulted was clearly one which the jurisprudence has consistently held to be reasonably expected to occur as a consequence of such actions. Therefore, both Elliot's actions and the resulting injury were intentional under the law and under the policy exclusion.
When reasonable minds must conclude that there is no genuine issue of material fact for trial and that the defendant mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
We therefore hold that there is no genuine issue as to the material facts surrounding *1258 the shooting. The terms and conditions of the exclusionary clause are satisfied, and the trial court was correct in granting the motion for summary judgment filed by Allstate.
The trial court's judgment is affirmed; costs of this appeal are assessed to plaintiff, Steven E. Cavin.
AFFIRMED.
NOTES
[*] Judge Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court, as Judge Pro Tempore.