| iMcKAY, Judge.
This is an appeal from the trial court’s grant of summary judgment and its transfer of the action from Orleans to East Baton Rouge Parish. We find that the trial court did not err and affirm its judgment.
This case arises out of an incident that occurred on November 27,1993, in Baton Rouge at the Lady Foot Locker located in the Cortana Mall. The plaintiff, Angela Booker, alleges that she suffered psychological damage as a result of the way she was *270 treated by employees of the Lady Foot Locker and Cortana Mall security guards. Ms. Booker filed this lawsuit against Kinney Shoe Corporation d/b/a Lady Foot Locker, F.W. Woolworth Company, and Flor-Line Associates d/b/a Cortana Mall in Orleans Parish on January 31, 1994. Ms. Booker filed her suit in Orleans Parish based on the fact that F.W. Woolworth Company’s principal place of business in the state was located in Orleans Parish. Defendant, F.W. Woolworth Company, later filed a motion for summary judgment contending that it was not a proper party in this suit. At the hearing on this matter, it was established through affidavit that Woolworth Corporation was the parent corporation of both F.W. Woolworth Company and Kinney Shoe Corporation which are two entirely distinct and separate corporate entities. The trial court granted the motion for summary judgment and dismissed F.W. Woolworth Company. The court then transferred this action to the parish of East Baton Rouge because venue was no longer proper in Orleans Parish after F.W. Woolworth Company had been dismissed. The plaintiff appeals these rulings.
bAt issue is whether the trial court erred in granting the defendant’s motion for summary judgment on the basis that F.W. Woolworth Company had no responsibility for the alleged incident at the Lady Foot Locker Store and whether the trial court’s transfer of venue to the Parish of East Baton Rouge was proper.
We will first address the issue of whether the trial court erred when it granted defendant’s motion for summary judgment. In the instant case, plaintiff does nothing to refute the affidavit produced by F.W. Woolworth Company. No showing is made that a genuine issue of material fact exists as to whether F.W. Woolworth .Company is responsible in any way for the alleged damages plaintiff suffered as a result of the incident at the Lady Foot Locker in Baton Rouge. The only relationship that exists between F.W. Woolworth Co. and Kinney Shoe Corporation is that they are both daughter corporations of the Woolworth Corporation. There is no indication that F.W. Woolworth Company had any knowledge or control over operations at the Lady Foot Locker. There is no basis under the laws of this state to hold a corporation liable for the actions of a sister corporation. It appears the only reason F.W. Woolworth Company was named as a defendant in this action was to establish venue in Orleans Parish. Therefore, we find that the trial court did not err when it granted defendant’s motion for summary judgment and dismissed F.W. Woolworth Company.
“When a motion for summary judgment is made and supported with affidavits, depositions, and/or answers to interrogatories, the adverse party may not rest merely on the allegations or denials contained in his pleadings. He must provide opposing affidavits or other documentation which show that there are genuine issues of material fact. If he does not produce such documentation, the summary judgment, if appropriate, should be rendered against him. L.S.A.-C.C.P. article 967.” Williams v. Markel Lumber Co., 566 So.2d 446, 450 (La.App. 4 Cir.1990).
We must now address whether the trial court erred when it transferred this [¡case to East Baton Rouge Parish after the dismissal of F.W. Woolworth Company. With the dismissal of F.W. Woolworth Company from this action, there was no longer any basis for venue in Orleans Parish. According to Louisiana Code of Civil Procedure Article 121, when an action is brought in a court of improper venue the court may dismiss the action or transfer it to a court of proper venue. That is precisely what the trial court did in the instant ease; it transferred the action to the parish in which the defendants are located and where the incident occurred. Again, we find that the trial court did not err.
Accordingly, the summary judgment granted by the trial court and its transfer of the action to the Parish of East Baton Rouge are affirmed.
AFFIRMED.