782 So.2d 681 (2001)
Connie TOLLETT, Individually, and as Custodial Parent for her Minor Son, Reginald Jamal Tollett
v.
MEMBERS OF THE ORLEANS PARISH SCHOOL BOARD, Individually, and in their Capacity as Board Members: Gail Moore Glapion, Scott P. Shea, Cheryl E. Mills, J. Berengher Brechtel, Carolyn Green Ford, Bill Bowers, and Elliot C. Willard.
No. 2000-CA-0295.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 2001.
*682 Reginald J. Laurent, Spears & Spears, New Orleans, LA, Counsel for Plaintiff/Appellant.
Robert M. Rosenberg, Larry C. Becnel, Polack, Rosenberg, Endom & Riess, L.L.P., New Orleans, LA, Counsel for Defendants/Appellees.
Court composed of MURRAY, BAGNERIS and TOBIAS, Judges.
MURRAY, Judge.
Plaintiff, Connie Tollett, appeals the trial court's dismissal of her petition against the seven members of the Orleans Parish School Board[1], in their individual capacities, after the granting of defendants'"Exception of No Cause of Action and Alternative Motion for Summary Judgment." For the reasons that follow, we affirm.
On July 23, 1999, plaintiff filed the instant class action petition, individually and on behalf of her minor son and 2,600 other Orleans Parish elementary school students, alleging that the defendants had breached a duty to the students by allowing them to be taught Algebra I during the 1998-99 school year by teachers who were not secondary school certified, thereby depriving those students of receiving high school credit for the course they completed *683 in eighth grade. The original petition was filed against the seven named defendants individually and in their official capacity as School Board members. Plaintiff later amended her petition to add the Orleans Parish School Board as a defendant, and to allege that the individual defendants were guilty of "willful neglect, or intentional disregard of their duties."
In the memorandum in support of their joint exception of no cause of action or alternatively, motion for summary judgment, defendants argued that they could not be held liable as individuals in the absence of bad faith, malice, or willful misconduct. Defendants relied on La. R.S. 9:2792.4, which states, in pertinent part:
(B) A person who serves as a member of a [school] board ... shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of [the board] ... provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
In addition, defendants' motion for summary judgment was supported by seven identical affidavits, one signed by each defendant. Each affiant stated that he or she was not an administrator, teacher, or curriculum planner employed by the School Board, and that he or she had no knowledge, prior to being informed of such at the April 26, 1999 School Board meeting, that any students were being taught, or had been taught, Algebra I by teachers who were not certified to teach that subject at the high school level.
Plaintiff filed a memorandum in opposition to the exception/ motion one day prior to the scheduled hearing on October 15, 1999.[2] On November 3, 1999, the trial court rendered judgment without written reasons granting defendants'"Exception of No Cause of Action/ Alternative Motion for Summary Judgment" and dismissing the proceedings as to the seven individual defendants. From that judgment, plaintiff now appeals.[3]
On appeal, plaintiff argues that the trial court erred by granting the exception of no cause of action because the amended petition alleged willful neglect and intentional disregard of the Board members' duties, which is equivalent to willful misconduct under La. R.S. 9:2792.4. Alternatively, plaintiff contends that the trial court erred by granting the motion for summary judgment because there remains a genuine issue of fact as to whether defendants acted willfully or in bad faith, and further because the summary judgment was premature. Defendants, in addition to the arguments they presented to the lower court, assert on appeal that the granting of the exception was proper because the plaintiff failed to show the existence of a duty to provide eighth-grade instruction that not only earns the student eighth-grade mathematics credit, but also makes him eligible for high school credit in Algebra I. Defendants contend that there is no such duty.
It is impossible to determine from the judgment whether the trial court's dismissal of the defendants was based upon the granting of the exception of no cause of action, the granting of the motion for summary judgment, or both. Because we find *684 that the granting of summary judgment was proper, however, we pretermit discussion of whether or not plaintiff has stated a cause of action.
Defendants moved for summary judgment claiming that, as a matter of law, under the undisputed material facts, they could not be individually liable to plaintiff because they had no knowledge concerning the certification of teachers who taught Algebra I in the eighth grade in the Orleans Parish public schools.
An adverse party to a motion for summary judgment that is supported by affidavits, depositions, and/or answers to interrogatories, may not rest merely on the allegations or denials contained in his pleadings. He must provide opposing affidavits or other documentation to show that there are genuine issues of material fact. If he does not produce such documentation, the summary judgment, if appropriate, should be rendered against him. Booker v. F.W. Woolworth Co., 98-0218, p. 2 (La.App. 4 Cir. 11/25/98), 724 So.2d 269, 270 (Citations omitted).
Defendants supported the motion for summary judgment with affidavits stating that they had no knowledge of the problem at issue until April 26, 1999, and, therefore, could not have formed the requisite malice and/or willful bad faith to exempt them from the qualified immunity afforded by La. R.S. 9:2792.4. Plaintiff did not offer any evidence or documentation to refute defendants' assertions.
On appeal, plaintiff suggests that defendants were required to prove they acted in good faith. This argument is erroneous. According to La. R.S. 9:2792.4, School Board members who are acting in good faith (i.e., within the scope of their official functions and duties) can be found individually liable only if the injury or damage was caused by their willful or wanton misconduct. Good faith is presumed under the statute. Defendants' affidavits show that they had no knowledge of the particular situation, and without knowledge, they cannot have acted in bad faith or with malice or intentional ill will. Therefore, the burden shifted to plaintiff to produce evidence of willful or wanton misconduct. Plaintiff failed to satisfy that burden. Accordingly, the trial court did not err in determining that no genuine issue of material fact exists.
Plaintiff also contends, as she did at the trial court level, that the summary judgment was premature because discovery is incomplete. Louisiana Code of Civil Procedure article 967 states, in pertinent part:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
In the trial court, plaintiff did not file a motion for continuance, nor did she support her contention that additional discovery was needed by way of affidavit specifying how additional discovery would aid her cause. See, e.g., Spellman v. Peoples Bank and Trust Co. of St. Bernard, 544 So.2d 10 (La.App. 4th Cir.1989), writ denied, 548 So.2d 327 (La.1989). Nevertheless, plaintiff argues on appeal, without jurisprudential authority, that it is unprecedented for a court to grant summary judgment so soon after issue is joined.
By law, a defendant may move for summary judgment at any time, as the purpose of the summary judgment procedure is to secure speedy determinations where there are no contested issues of fact. La. *685 Code Civ. Pro. art. 966(A). In the instant case, defendants filed their motion on September 1, 1999, approximately six weeks after the filing of plaintiffs petition, and the hearing on the motion was scheduled for October 15, 1999. Because plaintiff failed to demonstrate at that time the need for additional discovery, we reject her argument that the motion should have been denied as being premature.
Accordingly, for the reasons stated, we conclude that the trial court did not err in granting summary judgment. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Gail Moore Glapion, Scott P. Shea, Cheryl E. Mills, J. Berengher Brechtel, Carolyn Green Ford, Bill Bowers, and Elliot C. Willard
[2] The record does not contain a transcript of the hearing, and defendants assert in their appellee brief that there was no oral argument of the motion.
[3] According to La.Code Civ. Pro. art 1915(A), a judgment that dismisses a suit as to some, but not all, of the defendants may be considered a final, appealable judgment.