618 So.2d 48 (1993)
Robyn Vincent PIRARO, et al., Plaintiffs-Appellants,
v.
Sidney J. DUPUY, III, M.D., Defendant-Appellant,
United Services Automobile Association and Aetna Casualty and Surety Company, Defendants-Appellees.
No. 92-738.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
J. Minos Simon, Lafayette, for Robyn Vincent Piraro et al.
Thomas Robert Shelton, Lafayette, for Sidney J. Dupuy, III, M.D.
John Edmund McElligott Jr., Lafayette, for United Services Auto. Ass'n.
John W. Perry Jr., Baton Rouge, for Aetna Cas. and Sur. Co.
Before DOUCET, YELVERTON and COOKS, JJ.
*49 YELVERTON, Judge.
This case raises the issue of whether summary judgment was proper dismissing insurance companies third partied by their insured who was sued for damages for sexual molestation of a minor.
Robyn Piraro filed suit individually and on behalf of his minor child, Victoria, along with his wife Janet, against Sidney Dupuy, M.D., for damages sustained as a result of Dupuy's alleged sexual molestation of their daughter, the defendant's niece, during a six and one-half year period beginning when the child was five years old. Dupuy filed a third party demand against United Services Automobile Association (USAA) and Aetna Casualty and Surety Company (Aetna) as his personal liability insurers with coverage on the dates alleged in the petition.
Victoria became a party on her own behalf when she reached eighteen. The plaintiffs amended their suit to add Aetna and USAA as defendants.
USAA and Aetna filed motions for summary judgment. The trial court heard the motions and ruled that the intentional injury exclusions in both policies applied.
The trial court thoroughly reviewed the law. She applied the standard applicable to summary judgment. She concluded that no reasonable finder of fact could decide that under the alleged facts, Dupuy lacked intent to cause personal injury (the Aetna exclusion language), and that the damages claimed could not be expected or intended from Dupuy's standpoint (the USAA exclusion language). She dismissed the claims against USAA and Aetna. The plaintiffs and Dupuy have appealed this judgment. We affirm.

USAA POLICY
The USAA policy excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the Insured."
A summary judgment motion by the insurer, and identical policy exclusion language were before us in Menard v. Zeno, 558 So.2d 744 (La.App. 3d Cir.), writ denied 561 So.2d 121 (La.1990). There, the purported insured, a 16-year old minor, used a knife at the throat of another minor to force him into anal sexual intercourse. We said:
Although, in the usual case, the issue concerning application of an intentional injury exclusion involves factual determinations which would preclude summary judgment, in our view, the conceded facts concerning the intentional act and the claimed injuries in this case are such that there can be no factual dispute material to a determination that the intentional injury exclusion of the Aetna policy is applicable.
In the present case the petition alleges that during the time Victoria was growing from five to eleven years of age Dr. Dupuy molested her, by making her masturbate him while he fondled her. The petition alleges that following the sexual abuse, Dr. Dupuy threatened the child by telling her that if she would ever reveal or disclose to any person what they were doing, he would deny her accusations and neither her parents nor members of her family nor third persons would ever believe her. The petition further alleges that Dr. Dupuy told her that her family would hate and shun her if she revealed this information. The petition asks for physical, mental and emotional damages as a result of the continued sexual molestation by Dr. Dupuy.
The petition alleges that Dr. Dupuy was a medical doctor specializing in psychiatry at all relevant times.
On the authority of Menard, supra, we affirm the summary judgment dismissing the insurer USAA from the case.

AETNA POLICY
Aetna's policy excluded coverage for "personal injury or property damage arising out of any act committed by or at the direction of the Insured with intent to cause personal injury or property damage."
In Menard, supra, after examining the summary judgment evidence in a light most favorable to the plaintiffs, we were convinced that the perpetrator-insured, who *50 was only 16-years old, intended his victim's injuries or knew they were substantially certain to follow. We stated that we did not believe a reasonable layman would expect insurance coverage for such an act and the resulting injury. We concluded with the observation that since the bodily injury experienced by the victim was expected or intended from the standpoint of the perpetrator-insured, the exclusion applied and summary judgment was properly granted.
In short, we concluded that considering the pleadings and other summary judgment evidence in Menard, the molestation of the child was an intentional act as a matter of law.
Two other circuits have stated that child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1139 (La.1991); Shaw v. Bourn, 615 So.2d 466 (La.App. 4th Cir.1993).
The judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to plaintiffs and one-half to Dr. Dupuy.
AFFIRMED.