623 So.2d 72 (1993)
Jane DOE, Individually and on Behalf of Her Incapacitated Daughter, Mary Doe
v.
STATE of Louisiana, the DEPARTMENT OF HEALTH & HUMAN RESOURCES.
No. CA 92 1349.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
Writ Denied November 12, 1993.
*73 Joseph L. Waitz, Houma, for petitioner.
Jennifer Schaye, L.D. Raymond, Joseph E. Kopsa, LA Dept. of Justice, Baton Rouge, for State of LA, Dept. of Health & Human Resources.
John D. Trahan, Chambers & Trahan, Crowley, for Rodney Glen Quirk.
John Craig Jones, Voorhies & Labbe, Lafayette, for National Union Fire Ins. Co. and New Hampshire Ins. Co.
Before WATKINS, CRAIN and GONZALES, JJ.
GONZALES, Judge.
The suit arises out of the alleged molestation of a mentally handicapped student by an employee of the Southwest State School (hereinafter referred to as "School"). Plaintiff, the mother of the incapacitated victim, brought suit against the State of Louisiana, The Department of Health & Human Resources (hereinafter referred to as "State"), the employee of the School, Rodney Glenn Quirk, and Mr. Quirk's homeowner's insurers, National Union Fire Insurance Company and New Hampshire Indemnity Company (both hereinafter referred to as the "Insurers").[1] The Insurers filed a motion for summary judgment seeking dismissal based upon the intentional tort and the business exclusions contained in their policies. The trial court granted the motion and dismissed all claims as to the two insurers. Plaintiff has appealed and asserts as error this judgment, contending issues of material fact remain regarding whether the acts of Mr. Quirk were intentional.
The policy issued by the Insurers provides that:
We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.
. . . .
8. Intentional Loss, meaning any loss arising out of any act committed:
a. by you or at your direction; and
b. with the intent to cause a loss.
. . . .
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by the insured; ...
The criteria for determining whether bodily injury was expected or intended by the insured is not merely whether an intentional act has occurred, but also includes an inquiry as to what consequences an objective reasonable person might expect or intend as the result of a deliberate act. Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1139 (La.1991). In Doe, this court held that child molestation cannot result from careless conduct and only occurs as a result of a deliberate act by the perpetrator, *74 and is thus intentional. The Doe v. Smith court went on to hold that the intentional acts of the defendant in molesting a child produced the type of consequences that an objective reasonable person might expect (i.e., psychological damage) and were therefore excluded from coverage under the policy of insurance.
The case currently under review differs factually in that the victim of molestation was approximately twenty-nine years old at the time of the offenses; however, the victim was mentally retarded, having a mental age of approximately six to seven years old.[2] The perpetrator admitted in deposition that he knew the mental capacity of the victim. We believe the rationale of Doe v. Smith is applicable under these circumstances, and we find that the psychological damage sustained by the adult-mentally-handicapped victim would be the type of consequences that an objective reasonable person might expect. Accordingly, motion for summary judgment was properly granted dismissing the Insurers from the suit.
For the reasons stated herein, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellant.
AFFIRMED.
NOTES
[1] Both of these insurers issued policies of homeowner's insurance to Mr. Quirk, apparently successively; the policy provisions of both policies are identical and are introduced into the record. And, the more recent National Union policy is also designated on its face as the New Hampshire Insurance Group.
[2] Clearly, a person, having the mental capacity of a six or seven-year-old child, does not have the capacity to consent to sexual activity. See La. R.S. 14:43; State v. Peters, 441 So.2d 403 (La. App. 4th Cir.1983), writ denied, 530 So.2d 560 (La.1988). See also La.C.C. art. 28, comment (b).