648 So.2d 482 (1994)
Jane SMITH, Individually, and as Natural Tutrix of/and Administratrix of the Estate of the Minor, Jean Smith; and Joan Smith
v.
Samuel L. PERKINS.
BOSTON OLD COLONY INSURANCE COMPANY
v.
Samuel L. PERKINS, Jane Smith Individually, and as Natural Tutrix of/and Administratrix of the Estate of the Minor, Jean Smith and Joan Smith.
Nos. 94-CA-1270, 94-CA-1271.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 1994.
Writ Denied March 24, 1995.
*483 Dwight Doskey, New Orleans, for appellants.
Lenfant & Associates, Thomas J. Miller, Metairie, for defendant/appellee Aetna Life and Cas. Co.
Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Frederick Campbell, Geoffrey J. Orr, Metairie, for plaintiff-appellee Boston Old Colony Ins. Co.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
BARRY, Judge.
Jane Smith (an assumed name) individually and on behalf of her minor daughter Jean sued Samuel Perkins for damages resulting from the molestation of Jean. Joan Smith (an assumed name) is also a plaintiff and was allegedly molested by Perkins when she was a minor. Perkins' homeowner's insurers, Boston Old Colony Insurance Company and Aetna Life & Casualty Company, were dismissed on summary judgment. Plaintiffs appeal and claim the trial court erred by finding that the exclusionary clauses of the policies are applicable.

FACTS
Samuel Perkins pleaded guilty in 1988 to molestation of Joan Smith from 1974 to 1985. He allegedly molested Jean Smith in 1987 and 1988. In effect at the time of the incidents were homeowner's insurance policies issued by Boston Old Colony and Aetna.
Plaintiffs sued Perkins for damages. Perkins filed a third party demand against both insurers, and plaintiffs amended their petition to add the insurers as defendants. Boston Old Colony filed a separate petition for declaratory judgment on the issue of coverage and the cases were consolidated.
Boston Old Colony and Aetna moved for summary judgment on the basis that there was no coverage because plaintiffs' damages were not caused by an "accident" or "occurrence" under the policy and the injury was "expected or intended" by the insured and therefore excluded. The trial court denied the motions in 1990. Boston Old Colony and Aetna reasserted the motions for summary judgment in 1993 based on a case from this Circuit, Shaw v. Bourn, 615 So.2d 466 (La. App. 4th Cir.), writs den. 618 So.2d 409 and 412 (La.1993). Shaw held that child molestation is an intentional act as a matter of law and that the issue of coverage should not be *484 submitted to a jury. Apparently the trial court granted summary judgment based on Shaw but did not issue written reasons.
Plaintiffs assert that whether the insured "expected or intended" the injury is a question of fact and should not be decided by a summary judgment. Thus the focus is on the exclusionary clauses of the policies, not whether the injury was caused by an "accident" or "occurrence" which would be covered.

POLICY PROVISIONS
The Aetna policy provides in pertinent part:
Coverage EPersonal Liability
This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence.
Definitions:
5. "occurrence"; means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage.
EXCLUSIONS:
This policy does not apply:
1. Under Coverage EPersonal Liability and Coverage FMedical Payments to Others: ...
f. to bodily injury or property damage which is either expected or intended from the standpoint of the Insured. (Emphasis added.)
The Boston Old Colony policy provides in pertinent part:
Part 4LIABILITY
(A)(2) We will pay any amount up to your Limit of Coverage for which a Covered Person becomes legally liable as a result of bodily injury or property damage that is caused by an accident.... We will not cover bodily injury or property damage that is expected or intended by a Covered Person. (Emphasis added.)

EXCLUSIONARY CLAUSE
Generally an insurer must establish that an exclusion for intentional injury applies. Yount v. Maisano, 627 So.2d 148, 151 (La.1993); Great American Insurance Co. v. Gaspard, 608 So.2d 981, 984 (La.1992). An exclusion must be narrowly construed and any ambiguity should be construed in favor of coverage. Great American Insurance Co. v. Gaspard, 608 So.2d at 984; Breland v. Schilling, 550 So.2d 609, 610 (La.1989). The Supreme Court stated in Breland that
The purpose of the intentional injury exclusion is to restrict liability insurance coverage by denying coverage to an insured in circumstances where the insured acts deliberately and intends or expects bodily injury to another. The exclusion is `designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will "pay the piper" for the damages.'
Breland, 550 So.2d at 610, quoting Transamerica Insurance Group v. Meere, 143 Ariz. 351, 694 P.2d 181, 186 (1984).
An exclusionary clause which excludes bodily injury or property damage that is "expected or intended from the standpoint of the insured" has been held to be ambiguous. Great American Insurance Co. v. Gaspard, 608 So.2d at 984; Breland v. Schilling, 550 So.2d at 610. Ambiguity in an insurance contract must be resolved according to the general rules governing contract interpretation. Breland, 550 So.2d at 610. Ambiguity will also be resolved by ascertaining how a reasonable policy purchaser would construe the clause at the time the contract was entered. Id.
The meaning of "expected or intended" in an exclusionary clause has generated considerable jurisprudence. In Pique v. Saia, 450 So.2d 654 (La.1984), the Supreme Court held that an injury is the result of an intentional act for purposes of an exclusionary clause
when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that the result is substantially certain to follow *485 from his conduct, whatever his desire may be as to the result.
Pique, 450 So.2d at 655.
In Breland v. Schilling, supra, the defendant punched the plaintiff in the jaw and caused unusually severe injuries because plaintiff's mouth was open. Like the Aetna policy here, the defendant's homeowner's policy excluded coverage for bodily injury that is "either expected or intended from the standpoint of the Insured." The Supreme Court ruled that the test for determining intent under the exclusionary clause was subjective and therefore distinguishable from the traditional tort inquiry which applies an objective reasonable man standard. The Court held that the determination of intent is a factual determination in "the particular province of the trier of fact...." Id. at 614.
In Great American Insurance Co. v. Gaspard, supra, the defendant intentionally set fire to his store in a strip shopping center and the entire center was destroyed. The court considered whether the damage was "expected or intended from the standpoint of the insured." The court discussed the subjective test of Breland and adopted Justice Lemmon's concurrence in Breland that
The insured's subjective intent or expectation must be determined not only from the insured's words before, at the time of, and after the pertinent conduct, but from all the facts and circumstances bearing on such intent or expectation.
Gaspard, 608 So.2d at 986. Gaspard applied an objective second factor, i.e., whether a reasonable policy holder would believe that his policy provided coverage:
No reasonable policy holder would believe that his insurance policy would provide coverage for his criminal act of arson. A liability insurer should not be expected to pay for the intentional criminal act of the insured which he knows will almost certainly result in serious damage to others. Since severe damage was intended to result from the blaze and severe damage resulted, coverage under the policy is barred.
Gaspard, 608 So.2d at 986, citing Breland, supra. See also Yount v. Maisano, 627 So.2d at 152, which considered both the subjective intent of the insured and the "reasonable expectation of the insured as to the scope of his insurance coverage."
Application of those principles to a child molestation case inescapably leads to the conclusion that injury and damage resulting from the act is expected or intended by the perpetrator.
In Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir.1990), writ den. 573 So.2d 1139 (La. 1991), insurance coverage was excluded for bodily injury or property damage "which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." The defendant allegedly molested a minor child and the court considered whether the act was intentional and whether the damage could reasonably be expected to result from that act. On the first issue, the court acknowledged that summary judgment is rarely appropriate for a determination of subjective facts such as intent and stated:
In cases dealing with battery, theft and shootings, the facts may influence a finding of negligence rather than intentional conduct.... However, child molestation is one such rare instance where a factual determination of negligence or intentional conduct is inappropriate as a practical matter. These types of acts cannot result from careless conduct and only occur as a result of a deliberate act by the perpetrator. Additionally, the alleged acts giving rise to the instant suit occurred repeatedly over an almost ten-year period. Clearly, Smith's acts of child molestation were deliberate and, therefore, intentional acts. (Emphasis added.)
Doe, 573 So.2d at 243. The focus of the Court at that point of the opinion was whether the act was intentional, not whether the resulting damages were intentional.
The second inquiry under the policy language in Doe was whether the damage could reasonably be expected to result from the intentional act. The court applied an objective reasonable man standard to determine same.
*486 The First Circuit later expanded application of the rule that exempted child molestation from factual inquiry when the court granted summary judgment for an insurer based on a clause that excluded coverage for bodily injury which was intended or expected by the insured. Wallace v. Cappel, 592 So.2d 418 (La.App. 1st Cir.1991), writ den. 593 So.2d 651 (La.1992). Thus, the same rule was applied, although the question under the policy was not whether the act was intentional but whether the resulting damage was intentional.
Two cases from this Circuit have considered "intent" under exclusionary clauses in a molestation case. Shaw v. Bourn, 615 So.2d 466 (La.App. 4th Cir.), writs den. 618 So.2d 409 and 412 (La.1993); Hackett v. Schmidt, 630 So.2d 1324 (La.App. 4th Cir.1993), writ den. 94-0266 (La. 4/4/94); 635 So.2d 1123.
Like Doe v. Smith, the exclusionary clause in Shaw v. Bourn was written in terms of a reasonable man standard. That policy excluded coverage for bodily injury or property damage:
a. which results from an act:
(1) that is intended by any insured to cause harm; or
(2) that an insured could reasonably expect would cause harm.
This Court determined that
The use of the words `reasonably' and `an' instead of the word `the' [in the exclusionary clause] indicates that the policy does not look to the subjective fact-based test of the particular insured, but rather uses a reasonable man standard. As such, even if (defendant) is incapable of foreseeing the harm to the plaintiffs which we find was substantially certain to follow his acts of molestation, he should have because any, indeed, every reasonable man expects children to be harmed by molestation. Thus (defendant's) state of mind is irrelevant in light of the policy language.... We further adopt the holding of Doe v. Smith ... and Wallace v. Cappel .... Having concluded that as a matter of law child molestation is an intentional act, we find that the trial court committed reversible error in submitting the question on policy coverage to the jury.
By adopting the holding of Doe and Wallace, this Court attempted to adopt a rule that child molestation is per se an intentional act for which coverage is excluded.
In Hackett, the policy excluded coverage for "bodily injury or property damage intentionally caused by an insured person." The Court found that, unlike Shaw, the Hackett policy indicated that a subjective standard must be applied.
When an insured's subjective intent must be determined, the court should consider `all the facts and circumstances bearing on such intent or expectation.' Yount, 627 So.2d at 152. Since those determinations of subjective intent are factual, the trier of fact is given much discretion in determining intent. Id.

Hackett, 630 So.2d at 1330. The defendant in Hackett testified that he expected the children would be harmed by molestation, and summary judgment for the insurer was affirmed. The Court did not reach the objective test of whether the insured reasonably expected his coverage would extend to such an act.
In this case, Perkins testified by deposition that the sexual molestation was not an accident and he knew it was a crime. Although he stated that he "didn't think (he) was hurting her emotionally," the circumstances clearly demonstrate that he intended the resulting damage and injury. The sexual molestation of a child is certainly a deliberate, intentional act, and the emotional and physical damage is such a fundamental and natural consequence of the molestation that any predator must be held to realize that damage will result. We hold that, as a matter of law, the mere commission of sexual molestation on a juvenile is sufficient to establish that any resultant injury is "expected or intended from the standpoint of the Insured" (under the Aetna policy) or "... by a Covered Person" (under the Boston Old Colony policy).
The objective second factor enunciated in Gaspard, i.e., whether the defendant could reasonably expect coverage for damages resulting *487 from his act, also militates against coverage. No reasonable policyholder could expect a policy to cover the despicable act of child molestation. Compare Gaspard, 608 So.2d at 986.
Summary judgment is affirmed.
AFFIRMED.