721 So.2d 528 (1998)
John EASON, et al., PlaintiffsAppellants,
v.
FINANCIAL INDEMNITY COMPANY, et al., DefendantsAppellees.
No. 98-381.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
Stephen Thomas Collins, Shreveport, for John Eason, et al.
Byron Andrew Richie, Shreveport, for Financial Indemnity Company, et al.
Before SAUNDERS, DECUIR, AMY, SULLIVAN and GREMILLION, JJ.
SAUNDERS, Judge.
The plaintiffs, John Eason and Sherri Moses, individually and as natural parents of the minor child, Leslie Eason, appeal a judgment of the trial court granting summary judgment in favor of defendants, Midland Risk Insurance Company (hereinafter "Midland Risk"), and dismissing their claims against it. The sole issue on appeal is whether Midland Risk's policy provides coverage for vicarious liability. After reviewing the record, we believe that it does and, therefore, reverse and remand.

FACTS
On June 13, 1994, April Chadwick, the minor daughter of Lisa Files, was operating a 1990 Hyundai GL owned by Roy McDonald. Leslie Eason, the minor daughter of John Eason and Sherri Moses, was a *529 passenger in the car being driven by Ms. Chadwick. Ms. Chadwick lost control of the vehicle, ran off the roadway, and struck a tree. Leslie was severely injured and in a coma for an extended period of time.
Plaintiffs, John Eason and Sherri Moses, individually and as natural parents of the minor child, Leslie Eason, filed suit against numerous parties, including Midland Risk and Lisa Files, individually and as parent of her minor child, April Chadwick, seeking to recover for injuries to Leslie Eason from the accident. Settlement has been reached by all parties except Midland Risk and Lisa Files.
Lisa Files had purchased a policy of bodily injury and property damage insurance from Midland Risk, which was in effect at the time of the accident. The policy was a non-owners policy which covered any liability for which Ms. Files might become "legally responsible." Midland Risk denies providing coverage for this particular accident.
Both parties filed motions for summary judgment seeking a determination of insurance coverage. A judgment was rendered by the trial court on December 18, 1997, finding that no such coverage existed, thereby granting defendant's motion for summary judgment. This appeal followed.

ISSUES
The sole issue on appeal is whether the "operators" policy stating, "We will pay damages for `bodily injury' ... for which any `insured' becomes legally responsible because of an auto accident" covers a parent's vicarious liability for the negligence of their minor child.

MOTION FOR SUMMARY JUDGMENT
Summary judgment is now favored. It shall be used to "secure the just, speedy, and inexpensive determination" of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The 1997 amendment of the summary judgment law is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art 966(B). Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.

DISCUSSION
Judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La.Civ.Code art.2045; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94), 630 So.2d 759. The parties' intent, as reflected in the words of the insurance policy, determines the extent of coverage. Valentine v. Bonneville Ins. Co., 96-1382 (La.3/19/97); 691 So.2d 665. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning unless the words have acquired a technical meaning. La.Civ.Code art.2047; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180; Keathley v. State Farm Fire & Casualty Ins. Co., 594 So.2d 963 (La.App. 3 Cir.1992). An insurance policy is construed as a whole, and one part of the contract cannot be construed separately at the expense of disregarding another section of the contract. Crabtree v. State Farm Ins. Co., 93-0509 (La2/28/94); 632 So.2d 736; Central Louisiana Elec. Co., Inc. v. Westinghouse Electric Corporation, 579 So.2d 981 (La.1991). If the language in the insurance contract is clear and unambiguous, the court must enforce the contract as written. La. Civ.Code art.2046; Smith v. Matthews, 611 So.2d 1377 (La.1993). Any ambiguity in an insurance contract must be construed against the insurer and in favor of coverage. La.Civ. Code art.2057; Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991); Capital Bank & Trust Co. v. The Equitable Life Assurance Soc'y of The United States, 542 So.2d 494 (La.1989). Ambiguity in an insurance contract will be resolved by ascertaining how a reasonable policy purchaser would construe the clause at the time the contract *530 was entered into by the parties. Gleason v. State Farm Mut. Auto. Ins. Co., 27,297 (La. App. 2 Cir. 8/23/95); 660 So.2d 137, writ denied, 95-2358 (La.12/15/95); 664 So.2d 454; Smith v. Perkins, 94-1270, 94-1271 (La.App. 4 Cir. 12/28/94); 648 So.2d 482, writ denied, 95-0267 (La.3/24/95); 651 So.2d 292.
The policy at issue is an "operators" policy issued under La.R.S. 32:900(c). Ms. Files did not own a car at the time she purchased the policy. The policy was purchased to cover liability that she may acquire, as opposed to covering any specific motor vehicle.
In determining whether a policy covers damages occasioned by an accident, two questions must be asked: (1) "who is the insured?" and, (2) "what acts are covered?" As to the first question, it is clear that Lisa Files is the insured.
The second question can be answered simply by reviewing the language of the contract, which specifically states, "We will pay damages for `bodily injury' or `property damage' for which any `insured' becomes legally responsible because of an auto accident." The coverage is not merely for Ms. Files' acts, but for her legal responsibility. Ms. Files' is legally responsible for the negligent acts of her minor child, April Chadwick. La.Civ.Code art. 2318. Therefore, Midland Risk is obligated, pursuant to the insurance agreement, to pay for the damages occasioned by April Chadwick, for which Ms. Files' is vicariously liable.
The policy's exclusion of the term "family member" from the definition of "insured" is not controlling. This exclusion effectively prevents family members for whom Ms. Files is not responsible, such as a major child or an aunt or uncle, from being covered on the policy. The policy states, "We will pay damages for `bodily injury' or `property damage' for which any `insured' becomes legally responsible because of an auto accident." Giving due regard to the policy as a whole and using the plain, ordinary, and generally prevailing meaning to the words of the contract, it is inescapable that the policy must cover the legal responsibility of Ms. Files for the tortious conduct of her minor child.

DECREE
Based on our findings, we vacate the ruling of the trial court granting Midland Risk Insurance Company's motion for summary judgment, and grant plaintiffs-appellants motion for summary judgment finding coverage. The costs of this appeal are assessed against the defendant-appellee, Midland Risk Insurance Company. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
AMY and SULLIVAN, JJ., dissent.