JjDOUCET, Chief Judge.
Plaintiffs appeal a judgment of the trial court dismissing their suit for damages against Defendants. We affirm the judgment of the trial court.
FACTS
Plaintiffs, John and Mary Doe, individually and on behalf of their minor son, John Doe, Jr., filed suit against Defendants, *843 William S. Mires and Massachusetts Bay Insurance Company (Mass.Bay), seeking damages which allegedly arose out of the sexual molestation[1] of John, Jr. by Mr. Mires on or about April 20, 1996. The incident took place in a house owned by Mr. Mires’ parents but occupied solely by the Defendant. Mr. Mires’ parents had obtained homeowner’s insurance from Mass. Bay naming them as co-insureds with the Defendant.
| ¡¡.The judgment on appeal resulted from a motion for summary judgment filed by Mass. Bay on July 16, 1998. In its motion, Mass. Bay argued that the homeowner’s policy supplied to the Mires did not provide coverage for damages resulting from any incident of sexual molestation in that the policy contained exclusions of coverage for: (1) intentional acts; and (2) sexual molestation. The trial court granted Mass. Bay’s motion, finding both exclusions applicable to the claim before the court. Plaintiffs appealed.
LAW AND DISCUSSION
In Ledet v. Leighton, 98-952, pp. 2-3 (La.App. 3 Cir. 2/3/99); 736 So.2d 854, 855-56, a panel of this court stated:
Following the 1997 amendment of the summary judgment law, summary judgments are now favored, and shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The amendment is procedural and is to be applied retroactively. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498. The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). When faced with a motion for summary judgment supported by affidavits based on personal knowledge made by persons competent to testify on the matter, the opposing party cannot rest on his pleadings but must respond by affidavits, deposition testimony, or interrogatory answers that enumerate specific facts showing that a genuine issue exists for trial. La. Code Civ.P. art. 967. Finally, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter at bar.
The rules concerning the interpretation of insurance contracts was laid out by the court in State Farm Mutual Automobile Insurance Co. v. Cooper, 97-1134 (La.App. 3 Cir. 2/18/98); 707 So.2d 986, 988, citing Crabtree v. State Farm Insurance Co., 93-0509 (La.2/28/94); 632 So.2d 736, 741 (footnotes omitted):
13An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Casualty Co., 93-0911 p. 5 (La.1/14/94), 630 So.2d 759, 763; Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993); Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991). If the words of the policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent and the agreement must be enforced as written. Smith, 611 So.2d at 1379; Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981, 985 (La.1991); Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988); see La.Civ.Code art. 2046. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms *844 or so as to achieve an absurd conclusion. Interstate, 98-0911 p. 5, 630 So.2d at 763; Fertitta v. Palmer, 252 La. 336, 211 So.2d 282, 285 (1968). The policy should be construed as a whole and one portion thereof should not be construed separately at the expense of disregarding another. Westinghouse, 579 So.2d at 985; Pareti, 536 So.2d at 420; see La.Civ.Code art; 2050. If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured. Interstate, 93-0911 p. 6, 630 So.2d at 764; Smith, 611 So.2d at 1379; Pareti, 536 So.2d at 420; see La.Civ.Code art. 2056.
Appellee, Mass. Bay, did not deny that John Doe, Jr. was sexually molested by its insured, William Mires, rather it argued that its policy did not provide coverage for Mr. Mires’ act. The homeowner’s policy which insured Mr. Mires contains an exclusion to the personal liability and medical payments to others coverages for “bodily injury ... [w]hich is expected or intended by the insured.”
In granting summary judgment on this issue, the trial judge stated as follows:
The pleadings clearly demonstrate that the Plaintiffs action is based upon molestation of children. They also assert that the intent of the Defendant, Mires, is a genuine issue of material fact. This Court Lcannot agree and specifically adopts the rationales of Smith v. Perkins, 648 So.2d 482 (La.App. 4 Cir. 1994), Menard v. Zeno, 558 So.2d 744 (La.App. 3 Cir.1990), Shaw v. Bourn, 615 So.2d 466 (La.App. 4 Cir.1993), and Wallace v. Cappel, 592 So.2d 418 (La.App. 1 Cir.1991). These cases stand for the appropriate proposition that child molestation, as a matter of law, is an intentional act.
Plaintiffs have pointed to the deposition of Defendant, Mires, to raise an issue of fact. When questioned regarding his intent, he asserted his Fifth Amendment privilege against self-incrimination. This assertion is, of course, totally self-serving and fails to raise a genuine issue of fact. Moreover, as enumerated by Baxter v. Palmigianio[Palmigiano], 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), “a negative inference can be drawn against a party to the action who asserts his Fifth Amendment privileges.” In addition to the proposition that by operation of law molestation is an intentional act, the Defendant, Mires’, own assertion militates in favor of summary judgment. No contrary evidence has been adduced by the Plaintiffs.
As so aptly expressed in Shaw, supra:
“We hasten to add, however, that our ruling does not mean that the Plaintiffs will not be able to recover against [the tortfeasor] personally. This is a case about personal responsibility. [The tortfeasor] is personally responsible for his acts of molestation and he is personally hable for them. The general theory of insurance is that losses are diffused among all members of society and this makes sense especially in cases of loss due to floods, hurricanes, earthquakes, and other natural disasters. But the cost of damage caused by sexual molestation is not a burden that society as a whole should bear. It is an intentional act and it is a burden to be laid squarely upon the shoulders of the molester.”
In this case, the burden will be borne by Mires. The Motion for Summary Judgment is granted.
In Smith v. Perkins, 94-1270, 94-1271, pp. 8-9 (La.App. 4 Cir. 12/28/94); 648 So.2d 482, 486, writ denied, 95-267 (La.3/24/95); 651 So.2d 292 (relied upon by the trial judge), our brethren of the Fourth Circuit, with whom we agree, stated:
*845 | sThe sexual molestation of a child is certainly a deliberate, intentional act, and the emotional and physical damage is such a fundamental and natural consequence of the molestation that any predator must be held to realize that damage will result. We hold that, as a matter of law, the mere commission of sexual molestation on a juvenile is sufficient to establish that any resultant injury is “expected or intended from the standpoint of the Insured.” ...
In addressing the same issue raised here, in a case where the policy language excluding coverage was the same as in the case sub judice, our brethren of the Fifth Circuit observed:
The preliminary question before us is whether “intent” in the realm of this exclusionary provision refers to the subjective intent of the insured or whether there is a legal inference of intent.
We see that our brothers of the First Circuit, in Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1139 (La.1991), a case involving child molestation, found “child molestation is one such rare instance where a factuál determination of negligence or intentional conduct is inappropriate as a practical matter. These types of acts cannot result from careless conduct and only occur as a result of a deliberate act by the perpetrator.” Id. at 243 (emphasis as found in the original). Thereafter, our brothers of the Fourth Circuit, in Shaw v. Bourn, 615 So.2d 466 (La.App. 4th Cir.1993), writ denied, 618 So.2d 409, 412 (La.1993), adopted this rationale. Thus, Louisiana jurisprudence recognizes as a matter of law that the act of child molestation is of itself a deliberate and intentional act.
Belsom v. Bravo, 94-876, p. 4 (La.App. 5 Cir. 4/25/95); 658 So.2d 1304, 1306, writ denied, 95-1327 (La.9/1/95); 659 So.2d 737.
In Piraro v. Dupuy, 618 So.2d 48, 49-50 (La.App. 3 Cir.), writ denied, 623 So.2d 1341 (La.1993) a panel of this court undertook the review of a summary judgment granted to the insurer, USAA, in a case where the insured was accused of sexually molesting his young niece. In that ease we stated:
The USAA policy excluded coverage for “bodily injury or property damage which is either expected or intended from the standpoint of the Insured.”
| fiA summary judgment motion by the insurer, - and identical policy exclusion language were before us in Menard v. Zeno, 558 So.2d 744 (La.App. 3d Cir.), writ denied 561 So.2d 121 (La.1990).
[[Image here]]
On the authority of Menard, supra, we affirm the summary judgment dismissing the insurer USAA from the case.
[[Image here]]
In short, we concluded that considering the pleadings and other summary judgment evidence in Menard, the molestation of the child was an intentional act as a matter of law.
Two other circuits have stated that child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir. 1990), writ denied, 573 So.2d 1139 (La.1991); Shaw v. Bourn, 615 So.2d 466 (La.App. 4th Cir.1993).
The most recent pronouncement on the issue comes from our brethren of the Fourth Circuit:
[A]s this court noted in Shaw v. Bourn, 615 So.2d 466, 470 (La.App. 4 Cir.1993), writ denied 618 So.2d 412 quoting from Wallace v. Cappel, 592 So.2d 418 (La. App. 1 Cir.1991) writ denied 593 So.2d 651 (1992):
Child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. It cannot result from careless conduct and only occurs as a result of a delib *846 erate act by the perpetrator. Molestation of a child is a deliberate act, and therefore is an intentional act.
In Shaw v. Bourn, supra, at p. 470, this court also explained the intentional acts exclusion, quoting from Doe v. Smith, 573 So.2d 238 (La.App. 1 Cir. 1990), writ denied 573 So.2d 1139 (La.1991):
Generally, the purpose of an intentional injury exclusion is to restrict liability insurance coverage to an insured in circumstances where the insured acts deliberately and intends or expects bodily injury to another. The exclusion is designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will “pay the piper” for damages.
Shaw, 615 So.2d at 470.
|7The policy exclusion quoted above for “personal injury arising out of the wilful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured,” is just such an intentional injury exclusion as was approved of by this Court in Wallace. Where child molestation is involved the public policy favors holding the molester responsible:
This is a case about personal responsibility. Mr. Bourn is personally responsible for his acts of molestation and he is personally liable for them. The general theory of insurance is that certain losses are diffused among all members of society and this makes sense especially in case of losses due to floods, hurricanes, earthquakes, and other natural disasters. But the cost of damage caused by sexual molestation is not a burden that society as a whole should bear. It is an intentional act and it is a burden to be laid squarely upon the shoulders of the molester.
Stein v. Martin, 97-2012, pp. 5-6 (La.App. 4 Cir. 3/18/98); 709 So.2d 1041, 1043-44.
Our de novo review of the case convinces us that the trial court was correct in finding no coverage under the intentional acts exclusion of the policy. We find no disputed issue of fact and, like our brethren of the First, Fourth, and Fifth Circuits, find that child molestation is an intentional act as a matter of law.
Having so found, we have no need to address the second issue, i.e., any question having to do with the “sexual molestation” exclusion.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. All costs of this appeal are taxed against Appellants, John and Mary Doe.
AFFIRMED.

. Mr. Mires pled guilty to two counts of crime against nature on September 15, 1997.