*183 JUSTICE RICE
dissenting.
¶40 I respectfully dissent. I believe the Court has failed to accurately interpret the policy at issue.
¶41 The sum of the Court’s analysis is that because the claimed coverage was not excluded under one of the policy’s ten exclusions, coverage is necessarily provided by the policy, and, therefore, USAA had a duty to defend. See ¶ 21. Of course, the absence of an applicable exclusion of coverage does not, without more, mandate the converse conclusion-that coverage is provided. Such a conclusion is dependent upon the language of the coverage provisions of the policy.
¶42 The critical language here-“We will pay damages for BI or PD for which any covered person becomes legally responsible because of an auto accident”-is commonly used within auto insurance policies and has been frequently interpreted by courts. The language has been found to be “clear and unambiguous,” not requiring “resort to rules of interpretation or construction,” by the Supreme Court of New Mexico, Baker v. Armstrong (N.M. 1987), 744 P.2d 170, 171, and amenable to interpretation by using the “plain, ordinary, and generally prevailing meaning” of the words used. Eason v. Financial Indem. Co. (La.App. 1998), 721 So.2d 528, 530.
¶43 The language in question requires, in order to invoke coverage, that the insured’s liability causally arise from an automobile accident, as noted by the Nebraska Court of Appeals:
We observe that the policy provides coverage only when “any covered person becomes legally responsible because of an auto accident”....
...We conclude that when an automobile liability policy provides coverage for liability because of an “automobile accident,” coverage extends only to injuries caused by an accident involving the insured automobile.
Bisgard v. Johnson (Neb.App. 1994), 525 N.W.2d 225, 230-31 (emphasis added).
¶44 Further, the court in Baker, when concluding that, in the absence of a specific exclusion, this policy language required payment of punitive damages awarded in an automobile accident claim, explained that:
Our application of the clear language of the policy promotes the reasonable expectations of the average insured who contemplates protection against claims of any character for which he becomes liable in the operation of an automobile.
*184 Baker, 744 P.2d at 171 (emphasis added).
¶45 Thus, the language at issue here provides coverage for those bodily injury or property damages which causally arise from an automobile accident involving the insured’s vehicle, or the insured’s driving.
¶46 However, the damages claimed here did not causally arise from an accident involving Hoss’s vehicle or his driving. A judgment was entered against the insured, and damages were awarded, because Hoss, according to the complaint, “negligently breached his agreement with Stephanie Lee and negligently failed to obtain insurance provid[ing] for her, as agreed.” The complaint further asserts that:
Because of David Hoss’ negligent breach of contract and because of the above-mentioned automobile accident, David Hoss was legally responsible to Stephanie Lee for bodily injury because of an automobile accident....
Although the complaint carefully alleges that Lee was damaged “because of an automobile accident,” it is clear that the automobile accident itself, though surely causing injuries to Lee, was not the cause of Hoss’s liability. Hoss became legally responsible for damages only because of a separate and independent liability event-his breach of a contract. Lee’s automobile accident alone, without Hoss’s separate breach of contract, created no liability for Hoss. Thus, the automobile policy’s requirement that Hoss “becomes legally responsible because of an auto accident” was not satisfied.
¶47 An underlying breach of contract claim made pursuant to the same automobile policy language was analyzed in Avelon, Inc. v. Nationwide Mutual Insurance Co., 2003 Tex. App. LEXIS 247 (memorandum opinion). In Avelon, the insured rented a vehicle from Avelon and failed to return it. Avelon sued the insured for breach of contract and obtained a default judgment. Avelon then brought suit against the insurer, Nationwide, to collect on the judgment. Avelon argued that the auto theft should be considered an “auto accident,” but the court concluded that there was no need to address that issue, because, under the same policy language at issue here, there was no coverage for a breach of contract claim:
We have reviewed the language Avelon argues provides coverage, and we find no language providing coverage for damages resulting from an insured’s breach of contract. Avelon first directed us to language in Part A of the policy, the part applying to liability coverage. In Part A, the policy states Nationwide will pay damages “for bodily injury or property damage for which any *185 covered person becomes legally responsible because of an auto accident.” Avelon argues an act of theft could be considered an “auto accident.” However ... in our review of the policy we find no coverage for a breach of contract action under Part A.
Avelon, 2003 Tex. App. LEXIS 247 at *4 (emphasis added). I would concur with this interpretation.
¶48 The policy at issue here is an automobile policy for which premiums were based upon, according to the policy, rating factors such as operator’s age, operator’s driving record, operator’s driving experience, the type of vehicle insured, and the vehicle usage. The insurer did not set or collect a premium based upon an insured’s propensity to breach his personal contracts, and thus, was not paid to insure such risks. Consequently, and for the reasons set forth above, I would conclude that the policy did not cover this claim.